IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **PATRICIA MITCHELL MARZETT,** | ) | Civil Case No. 2:14-cv-03932-RMG-MGB |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | |
| **CHARLESTON COUNTY SCHOOL** | ) | REPORT AND RECOMMENDATION |
| **DISTRICT, JAMES WINBUSH, and** | ) | |
| **MELVIN MIDDLETON, individually** | ) | |
| **and in their official capacity** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| _____ | ) | |

The Plaintiff, appearing *pro se*, filed this action for employment discrimination on October 9, 2014. (Dkt. No. 1.) This matter has been referred to the Magistrate Judge for a Report and Recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., and 28 U.S.C. § 636(b)(1)(B). The Defendants have jointly filed a "Motion to Dismiss" "pursuant to Rules 8(a), 12(b)(1), and (12)(b)(6) of the Federal Rules of Civil Procedure." (Dkt. No. 18.) The Defendants' motion requests "certain claims" be dismissed. (Id.) Attached to the Defendants' motion is the Defendants' Memorandum of Law in Support of Their Motion to Dismiss ("Memorandum"). (Dkt. No. 18-1.) In their Memorandum, the Defendants make the following three specific arguments to support the dismissal of certain claims against them:

1. The allegations concerning Plaintiff's placement on formal review for the 2010-2011 school year, and the denial of her request to be transferred during that school year, are barred and must be dismissed.

2. Defendant Middleton must be dismissed from this action as the only allegations made against him are barred by the applicable statute of limitations.

3. Plaintiff's Title VII Claims are improperly asserted against Defendants Winbush and Middleton in their individual capacities.

(Id.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 21) The Plaintiff filed a response to the Defendants' motion on January 29, 2015. (Dkt. No. 27.)

## ALLEGED FACTS[1]

The Plaintiff is an African American female that was employed as a teacher by the Charleston County School District ("CCSD") from 1997 through 2012. On or about May 14, 2010, the Plaintiff received a letter from Defendant Middleton, the principal of Sanders-Clyde Elementary and Middle School, informing the Plaintiff she was being placed on "SAFE-T formal evaluation for the 2010-2011 school year based on 'professional behaviors and student data.'" The Plaintiff alleged she was placed on former evaluation based on her race. The Plaintiff then requested that Defendant Winbush, an associate superintendent with the district, transfer her to another school. The request was denied because she was on formal evaluation. The Plaintiff "is informed and believes similarly situated white individuals were allowed to transfer while on formal evaluation."

On or about April 17, 2012, the Plaintiff received a letter from Defendant Winbush informing her that her employment contract would not be renewed for the 2012-2013 school year. The letter stated that the contract was not renewed because the Plaintiff failed to meet the requirements of the SAFE-T formal evaluation. The "Plaintiff believes her contract was not

---

[1] The Alleged Facts are taken from the Plaintiff's Complaint. (Dkt. No. 1.) In a motion to dismiss the court must accept the Plaintiff's alleged facts as true and view them in a light most favorable to the Plaintiff. Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 181 (4th Cir. 1996).

renewed based on her race." The Plaintiff is certified in elementary education and middle level mathematics and is fully qualified to teach.

The Plaintiff is 59 years old. The Defendants discriminated against the Plaintiff based on her age by not renewing her contract. All similarly situated teachers under the age for 42 had their contracts renewed. The Plaintiff suffers from back, hip and knee disabilities. The Defendants discriminated against the Plaintiff based on her disabilities by not renewing her contract. The Plaintiff is a female. No male employees who held continuing contracts were subjected to formal evaluation for the 2010-2011 school year. The Defendants discriminated against the Plaintiff based on her gender by not renewing her contract.

After her contract was not renewed, the Plaintiff filed a charge with the EEOC based on race, sex, age and disability discrimination. (Dkt. No. 18-2.) The Plaintiff sought new employment with Kelly Educational Staffing ("KES"). KES referred the Plaintiff to the CCSD for employment. The Plaintiff interviewed with the principal of Murray Hill Academy, a CCSD school, on January 8, 2014. Later that day, the Plaintiff was called by KES informing her that she was hired for the position at Murray Hill Academy and was to start January 13, 2014. On or about January 10, 2014, the Plaintiff received a call from KES informing her that the job offer with Murray Hill Academy had been rescinded. The job offer was rescinded by CCSD in retaliation of the Plaintiff filing the EEOC charge.

## DISCUSSION

### 1. The Plaintiff's Allegations Concerning the 2010-2011 School Year

The Plaintiff alleged the following two claims concerning the 2010-2011 school year: that she was placed on "SAFE-T formal evaluation for the 2010-2011 school year" and that her

request to transfer schools was denied because of her race. She brings suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), and 42 U.S.C. § 1983.

### a. Title VII Claims

This court does not have subject matter jurisdiction over the Plaintiff's Title VII race discrimination claims from the 2010-2011 school year.[2] "Before a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC." Bryant v. Bell Atl. Maryland, Inc., 288 F.3d 124, 132 (4th Cir. 2002). The Fourth Circuit has characterized the exhaustion of administrative remedies in Title VII claims to be a jurisdictional requirement and subject to dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Agolli v. Office Depot, Inc., 548 F. App'x 871, 875 (4th Cir. 2013), cert. denied, 134 S. Ct. 1920, 188 L. Ed. 2d 944 (2014) (citing Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 406 (4th Cir. 2013)). Only acts occurring within 300 days of the date an EEOC charge is filed are actionable under Title VII. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). Filing a charge with the EEOC serves the functions of notifying the alleged offending party of the claims and allowing that party to voluntarily comply with Title VII in the proceeding before the EEOC. Balas, 711 F.3d at 407. The EEOC charge "serves a vital function in the process of remedying an unlawful employment practice." Id.

The EEOC charge limits the scope of any subsequent Title VII lawsuit to only the allegations contained in the charge. Id. (citing Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962–63 (4th Cir.1996)). EEOC charges must be read by courts with the "utmost liberality." Id. at 408 (internal citations and quotations omitted.) However, courts "are not at liberty to read into administrative charges allegations they do not contain." Id. If a party alleging discrimination finds that their EEOC charge is incomplete, the proper recourse is an

---

[2] These claims are alleged in the Complaint (Dkt. No. 1) at ¶¶ 11-15.

amended EEOC charge, not federal court.  Id.  "If the plaintiff's Title VII claims exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred."  Id. at 407 (internal citations and quotations omitted).

In the case at bar, the Plaintiff filed her EEOC charge on January 16, 2013.  (Dkt. No. 18-2.)   Any acts occurring more than 300 days before her filing date are not actionable. Id.  In the charge, she alleged that the earliest date the discrimination took place was April 4, 2012, the date she received a letter from Dr. James E. Winbush stating her contract was not renewed.  (Id.)  In the narrative portion of the charge, the Plaintiff alleged that she was "subjected to disparate terms and conditions from on or about April 4, 2012."  (Id.)  While the dates of the EEOC charge limit the time period to April 4, 2012 and later, the *substance* of her charge discusses her SAFE-T evaluation at length.  She alleged that only black teachers were placed under SAFE-T evaluation, that the evaluation program was improperly administered, and that the evaluation was punitive in nature.  (Id.)  The SAFE-T evaluation was conducted during the 2010-2011 school year.  (Dkt. No. 1 ¶15.)  The 2010-2011 school year ended well before the 300 day period allowed in her EEOC charge.  "Discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Nat'l R.R. Passenger Corp., 536 U.S. at 113.

The Plaintiff's second claim regarding the 2010-2011 school year that she was not allowed to transfer schools is never mentioned in her EEOC charge.  This claim is clearly outside this court's jurisdiction because, even reading the EEOC charge with the "utmost liberality," the claim was not subject to administrative review.  Therefore the claim is procedurally barred.

The Plaintiff's claims that she was discriminated against based on her race when she was placed on SAFE-T evaluation and not allowed to transfer schools are barred under Title VII.

They were not timely raised in the EEOC charge because they were not brought within the 300 day deadline. This court does not have jurisdiction over these two claims, and this court recommends the Defendants' Motion to Dismiss as to these two claims be granted.

### b. 42 U.S.C. § 1983.

The Plaintiff's claims for violation of the Fourteenth Amendment under 42 U.S.C. § 1983 relating to the 2010-2011 school year are barred by the statute of limitations. In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting under color of state law." Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983); see also Gomez v. Toledo, 446 U.S. 635, 540 (1983); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

There is no federal statute of limitations for actions under § 1983, and it is well settled that the limitations period for § 1983 claims is to be determined by the analogous state law statute of limitations. See Williams v. Garcia, 471 U.S. 261 (1985), superseded by statute on other grounds as stated in Jones v. R.R. Donnelly & Sons, Co., 541 U.S. 369 (2004); see also Owens v. Okure, 488 U.S. 235, 240-41 (1989) ("Because § 1983 claims are best characterized as personal injury actions, . . . a State's personal injury statute of limitations should be applied to all § 1983 claims." (internal quotation marks omitted)). In South Carolina, the general or residual statute of limitations for personal injury claims is codified at South Carolina Code § 15-3-530(5), which provides the statute of limitations is three years for "an action for assault, battery, or any injury to the person or rights of another, not arising on contract and not enumerated by law . . . ." S.C. Code Ann. § 15-3-530(5). Plaintiff's § 1983 claims are subject to a three-year statute of

limitations. See Owens, 488 U.S. at 240-41; S.C. Code Ann. § 15-3-530(5); see also Williams v. City of Sumter Police Dep't, No. 3:09-2486-CMC-PJG, 2011 WL 723148, at *3 (D.S.C. Feb. 23, 2011) (concluding the plaintiff had three years in which to file his § 1983 action).

The Plaintiff alleges that the Defendants acted under color of law when they violated the Fourteenth Amendment during the 2010-2011 school year by placing her on SAFE-T evaluation and by not allowing her to transfer schools based on her race. (Dkt. No. 1.) The Plaintiff alleged she was told she was being placed in evaluation on May 14, 2010. (Id. at ¶11.) She filed her Complaint on October 9, 2014. With a filing date of October 9, 2014, any claims arising before October of 2011 are barred by the statute of limitations. The school year would have ended before the summer of 2011. The Plaintiff's § 1983 claims regarding alleged discrimination during the 2010-2011 school year are outside the statute of limitations, and this court recommends summary judgment be granted.

### c. Defendant Middleton

The Plaintiff's sole allegations involving Defendant Middleton relate to the 2010-2011 school year. The Plaintiff alleged Defendant Middleton wrote her a letter informing her she was being placed in SAFE-T evaluation and then did place her in evaluation. (Dkt. No. 1 ¶¶11, 14.) As discussed *supra*, the Plaintiff's claims regarding the 2010-2011 school year are barred. Therefore, this court recommends that Defendants' motion to dismiss Defendant Middleton as a party to this action be granted.

### 2. Title VII Claims against Defendant Winbush in her Individual Capacity

The Fourth Circuit has held that supervisors are not liable in their individual capacities under Title VII. Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998). The Fourth Circuit has repeatedly recognized "the holding in Lissau as the appropriate rule of law for

individual liability under Title VII.  Smith v. City of Marion, No. 4:11-CV-2039-TLW-TER, 2012 WL 694314, at *3 (D.S.C. Jan. 27, 2012) report and recommendation adopted, No. CIV.A. 4:11-2039-TLW, 2012 WL 694275 (D.S.C. Mar. 2, 2012) (citing Mikkelsen v. DeWitt, 141 Fed. App'x 88, 91 (4th Cir.2005); Shields v. Federal Exp. Corp., 120 Fed. App'x 956, 960 (4th Cir.2005); Smith v. Pepersack, 194 F.3d 1305, 1305 (4th Cir.1999); Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cr.1999); Smith v. County of Culpepper, Virginia, 191 F.3d 448, 448 (4th Cir.1999)).  To the extent the Plaintiff's Title VII claims against Defendant Winbush are in his individual capacity, this court recommends the Defendant's Motion to Dismiss be granted.

## RECOMMENDATION

Accordingly, the Magistrate Judge **RECOMMENDS** that the "Motion to Dismiss" (Dkt. No. 18) be **GRANTED** as to the Plaintiff's Title VII and 42 U.S.C § 1983 claims relating to the 2010-2011 school year, as to Defendant Middleton, and as to Defendant Winbush in his individual capacity.

**IT IS SO RECOMMENDED.**


July 30, 2015

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).