IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patricia Mitchell Marzett, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:14-cv-3932-RMG |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Charleston County School District, ) | |
| James Winbush, and Melvin Middleton, ) | |
| individually and in their official capacity, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 28) recommending that this Court grant Defendant's partial Motion to Dismiss. (Dkt. No. 18). The Court hereby adopts the R&R and grants Defendant's motion.

**Background**

Plaintiff Patricia Mitchell Marzett, a teacher formerly employed by the Charleston County School district, filed this pro se complaint alleging employment discrimination related to her contract non-renewal. She alleges that Defendant Middleton placed her on SAFE-T formal evaluation for the 2010-2011 school year, based on "professional student data." (Dkt. No. 1 ¶ 11). She then requested that Defendant Winbush transfer her to another school, which he did not allow. On April 17, 2012, she received a letter stating that her contract for school year 2012-2013 would not be renewed because she failed to meet the requirements of the SAFE-T formal evaluation. (*Id.* ¶ 16). Plaintiff alleges that white teachers were allowed to transfer to other schools while on formal evaluation (*id.* ¶ 14), that teachers younger than 42 had their contracts renewed (*id.* ¶¶ 22, 34), and that male teachers were not placed on formal evaluations for the 2010-2011 school year. (Dkt. No. 34).

On December 11, 2012, Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964. In early January, 2014, Plaintiff was hired as a substitute teacher at Murray Hill Academy. (Dkt. No. 1 ¶ 42). On or about January 10, 2014, the job offer was rescinded, allegedly in retaliation for the EEOC claim. (*Id.* ¶¶43-44). She received a "Notice of Right to Sue" from the EEOC on July 17, 2014.

Plaintiff then filed suit in this court, bringing claims of race discrimination, disability discrimination, sex discrimination, age discrimination, and retaliation. Defendants have jointly filed a motion to dismiss certain claims for failure to state a claim pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1), and (12)(b)(6).

**Analysis**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A motion to dismiss should be granted where the complaint either fails to allege all of the elements for a cause of action or sufficient facts to support these elements. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

The memorandum in support of the motion argues that because EEOC claims must be filed within 300 days of an alleged discriminatory act, and because the applicable statute of limitations for Plaintiff's claims is three years, her claims relating to the 2010-2011 school year, including the only claim of wrongful action by Defendant Middleton, are time barred. (Dkt. No. 18-1 at 5). Defendants also argue that Plaintiff's Title VII claims are improperly asserted as to Defendants Winbush and Middleton in their individual capacities. The R&R recommends granting the motion.

Defendants assert, and Plaintiff does not dispute, that Defendant Middleton's only involvement in the events complained of took place in May 2010. Defendant Middleton, the principal of Sanders-Clyde Elementary and Middle School, where Plaintiff worked, sent a letter informing her that she was being placed on formal evaluation. The Court finds that the R&R's analysis as to Defendant Middleton, finding that any claim based on the letter that he sent is time barred, is correct and therefore dismisses him from the action.

Plaintiff filed objections to the R&R on August 14, 2015. In her objections Plaintiff clarifies that the action she is challenging – the nonrenewal of her contract – actually took place in April of 2012. (Dkt. No. 30 at 1, "The Magistrate erred by basing the Report and Recommendation on the 2010-2011 school year evaluation instead of the 2011-2012 school year evaluation.") She explains that although the SAFE-T evaluation commenced during the 2010-2011 school year, it was actually canceled and recommenced in the 2011-2012 school year. (Dkt. No. 30 at 3-4). In other words, although the Complaint alleges that Defendants's actions in electing to evaluate her in 2010-2011 were discriminatory, she does not disagree with the EEOC deadline and the statute of limitations presented in the Motion to Dismiss and adopted in the R&R. In light of Plaintiff's clarification that the information relating to the 2010-2011 school

3

year was provided to explain the events leading up to her nonrenewal, it appears that there is no disagreement among the parties that no cause of action accrued during the 2010-2011 school year. Therefore, the Motion to Dismiss is also granted with respect to any possible challenge to the decision to evaluate Plaintiff in 2010-2011. However, to the extent that information regarding events of that school year is relevant to Plaintiff's challenge to her 2012 nonrenewal, it may be appropriately considered in these proceedings, subject to the requirements of the Federal Rules of Evidence.

Finally, the R&R recommends that the Title VII claims asserted against Defendants Winbush and Middleton in their individual capacities be dismissed because the law does not provide for individual liability. Title VII, 42 U.S.C. § 2000e-2(a) bars an employer from discriminating "against any individual with respect to his . . . terms, conditions, or privileges of employment, because of such individual's . . . race, color, religion, sex, or national origin." However, the Fourth Circuit has interpreted Title VII as providing a cause of action against an employer, not against an individual supervisor in their individual capacity. *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998). Therefore, the Court agrees with the R&R and dismisses the claims against Defendants Winbush and Middleton in their individual capacities.

## Conclusion

The Court has reviewed the R&R, the full administrative record in this matter and the relevant legal authorities. The Court finds that the Magistrate Judge ably and promptly summarized the factual and legal issues and appropriately recommended that the breach of contract claim should be dismissed. Therefore, the Court hereby **adopts** the R&R (Dkt. No. 28) as the order of this Court, **grants** Defendant's partial Motion to Dismiss (Dkt. No. 18), **dismisses**

any claims accruing during the 2010-2011 school year, **dismisses** Defendant Middleton from the action, and **dismisses** Defendant Winbush insofar as he is named in his individual capacity.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 25, 2015
Charleston, South Carolina