RECEIVED
USDC CLERK, CHARLESTON, SC
2017 FEB 14 PM 1:37

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Patricia Mitchell Marzett, | ) | Case No 2:14-cv-03932-RMG |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Charleston County School District and James Winbush, Melvin Middleton individually and in their official capacity | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 62) recommending that the Court grant Defendants' motion for summary judgment. (Dkt. No. 49.) This Court adopts the R. & R. as the order of the court and grants Defendants' motion for summary judgment.

**I.    Background**

Patricia Mitchell Marzett ("Plaintiff") filed this *pro se* action *in forma pauperis* against the Charleston County School District ("CCSD"), James Winbush, and Melvin Middleton in October 2014. (Dkt. No. 1.) The Complaint contains allegations of race discrimination, gender discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983; age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ("ADEA"); and disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-83 ("ADA").

In a previous order, this Court dismissed Defendant Middleton from the action, dismissed all claims against Winbush in his individual capacity, and dismissed all claims that had accrued during the 2010-2011 school year. (Dkt. No 31.) In June 2016, Defendants CCSD and Winbush

filed a motion for summary judgment on the remaining claims, including Plaintiff's claims of 1) race, age, disability, and gender discrimination in connection with the non-renewal of her teaching contract for the 2012-2013 school year (asserted against CCSD under Title VII and against Winbush in his official capacity under § 1983), and 2) Plaintiff's claim of retaliation against CCSD. (Dkt. No. 49.)

## II.  Facts

This Court adopts the facts as outlined at length in the R. & R. (Dkt. No. 62 at 3-12) so summarizes only the relevant ones below in the Discussion.

## III.  Legal Standard

### a.  Summary Judgment

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp.*, 477 U.S. at 322-23. Conversely, the non-moving party must demonstrate that there are disputes of material fact that preclude the award of summary judgment as a matter of law. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

### b.  *Pro Se* Pleadings

This Court liberally construes *pro se* pleadings, *Estelle v. Gamble,* 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe,* 449 U.S. 5, 9-10 (1980) (per curiam). The mandated liberal construction afforded *pro se* pleadings

means that if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Further, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## IV. Race, Age, Disability, and Gender Discrimination Claims

Plaintiff may prove discrimination under each relevant statute underlying the remaining discrimination claims (Title VII and § 1983, the ADEA, and the ADA) through direct evidence or indirectly through the burden-shifting framework set out by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See, e.g., Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000) (ADEA); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993) (42 U.S.C. § 1983); *McDonnell Douglas Corp.*, 411 U.S. at 802-07 (Title VII); *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 58 (4th Cir. 1995) (ADA).

As outlined in the R. & R., Plaintiff has not provided direct evidence of gender, race, age, or disability discrimination, so she bears the initial burden of establishing a prima facie case of discrimination. To establish a prima facie case of discrimination under all of the relevant statutes, Plaintiff must submit evidence sufficient to create a genuine issue of fact about whether she was satisfactorily performing her duties at the time she was dismissed. For all of the reasons listed in the R. & R., Plaintiff has failed to do so. (Dkt. No. 62 at 19.) The record reflects that Plaintiff's

employer thoroughly documented her history of deficient job performance. Plaintiff's own conclusory statements about her job performance and the statements of a co-worker are not particularly relevant to the Court's consideration here. *King v. Rumsfeld,* 328 F.3d 145, 149 (4th Cir. 2003) (citing *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 960-61 (4th Cir. 1996) (citations omitted) ("It is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff.")); *Hawkins v. PepsiCo, Inc.,* 203 F.3d 274, 280 (4th Cir. 2000) (citations omitted).

This Court reviews *de novo* any part of the R. & R. to which there has been proper objection. Fed. R. Civ. P. 72(b)(2). Plaintiff has objected to the Magistrate's recommendation that this Court grant Defendant's motion for summary judgment because, she argues, there is a genuine issue of material fact about whether her job performance was satisfactory and whether her employer's reason for terminating her was pre-textual. (Dkt. No. 64 at 2.) Plaintiff has not presented any new arguments or information that were not adequately addressed in the R. & R.[1] The record unequivocally shows that Plaintiff's performance was not satisfactory to her employer. Plaintiff's employer documented her teaching deficiencies, followed the formal evaluation process properly, and gave Plaintiff plenty of notice and opportunity to improve. Plaintiff has objected to many facts in the R. & R. which, while technically relevant to the issue, are simply not material to the question of whether her job performance was actually satisfactory as gauged by her employer.

---

[1] In her objections to the R. & R, Plaintiff cites, for example, to her transfer to the Third Grade Academy as evidence of her satisfactory job performance, but Principal Dixon's letter explaining this decision shows that the transfer was made in an effort to help Plaintiff find her "niche' and to give her "the opportunity to receive more explicit training, mentorship, and instructional feedback." (Dkt. No. 64-1 at 21.) Plaintiff's pleadings are rife with selective interpretations of communications from her employer that were clearly intended to put Plaintiff on notice of her deficient performance and to encourage her to take steps to improve.

V.  **Retaliation Claim**

For the reasons stated in the R. & R., Plaintiff's conclusory allegation that her employer retaliated against her due to her complaints does not create a genuine issue of material fact about whether there was a causal link between Plaintiff's complaint and the alleged retaliation.[2] Rather, the facts in the record indicate that the decision-makers Plaintiff charges with retaliation were not aware of her complaints when they decided not to hire her (or not to recommend her for the position). The facts in the record indicate that Plaintiff was not given the new teaching position for the entirely legitimate reason that those with knowledge of her deficient performance could not recommend her for the position.

VI.  **Conclusion**

For these reasons, the Court **GRANTS** Defendant's motion for summary judgment.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 14, 2017
Charleston, South Carolina

---

[2] Plaintiff's objections to the R. & R. contain conclusory allegations of a causal link between her complaints and the alleged retaliation that also do not create a genuine issue of material fact on this element of a retaliation claim.